UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | ) | |
|---|---|---|
| BILLIE R. SCHOFIELD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C. A. No. 11-170-M |
| | ) | |
| U.S. BANK N.A., et al. | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This case arises from Plaintiff Billie R. Schofield's purchase of a home in Tiverton, Rhode Island and its subsequent foreclosure. Mr. Schofield has brought this action against twenty two parties, ranging from individual Rhode Island attorneys to major financial institutions for various claims. All Defendants have filed Motions to Dismiss (ECF Nos. 33, 35, 37, 38, 39, 40, 41, 42, 43, 59, and 60) and those motions are fully briefed and ready for decision.

I.     **FACTS AND BACKGROUND**

Mr. Schofield filed an original verified complaint on April 25, 2011. (ECF No. 1.) In it, he sued twelve defendants and alleged causes of action for "Blatant and Flagrant to Willfully and Knowingly Violating RESPA," "Wrongful Foreclosure Sale," "Constitutional Violations," "Federal Law Violations," "RICO and Racketeering," "Quiet Title," and "Writ of Quo Warranto." Defendants filed motions for more definitive statement. (ECF Nos. 5, 16, and 18.) Mr. Schofield attempted to amend his original complaint, but such amendment was rejected based on both procedural and substantive grounds. (ECF Nos. 26, 30.) The Magistrate Judge to whom the motions were referred granted the motions for a more definite statement (ECF No. 29), finding that the complaint was "some forty-eight pages in length (exclusive of exhibits), it

was not a short and plain statement showing that Plaintiff is entitled to relief" but "much like the original Complaint, the Amended Complaint[1] was cluttered with legal citations, footnotes, alleged principles of law, and argument." (ECF No. 29 at 3, n.2.) The order required that Mr. Schofield "file an amended complaint within twenty-one (21) days of the date of this Order which complie[d] with Rule 8(a)." Additionally, "the amended complaint [must] clearly identify which claims or causes of action are directed against which Defendants" and "clearly state the facts which support such claims or causes of action" and shall:

1. identify all Defendants in the caption;
2. ensure that all Defendants identified in the caption are also included as parties in the amended complaint;
3. be a complete document in itself;
4. not include the material contained in the first six pages of the Complaint and not include legal citations and argument;

(ECF No. 29 at 3-4.)

After months of further pre-trial filings,[2] the Court granted Mr. Schofield's motion for leave to file a second amended complaint and ordered Defendants to file any motions to dismiss based on the new complaint. (Mar. 28, 2012 Text Order.) In addition to the Defendants named in original complaint, "Amended Complaint No. 2" (ECF No. 31-1) named ten additional defendants, including the law firms and attorneys that entered their appearances for the original Defendants in the complaint and U.S. Magistrate Judge David L. Martin.[3] The causes of action

---

[1] The Amended Complaint referred to here was filed on June 20, 2011 and rejected on June 24, 2011. (ECF No. 26.)

[2] The case was originally grouped with this Court's *In re: Mortgage Foreclosure Cases*, 11-mc-88-M-LDA, but was removed by order dated March 28, 2012 because of the unique nature of many of the claims and the categories of Defendants involved.

[3] In the caption of "Amended Complaint No. 2" (ECF No. 31-1) Mr. Schofield names U.S. Magistrate Judge David L. Martin "in his official and individual capacities." Magistrate Judge Martin is briefly identified in paragraph 26, but there are no further allegations or further references to him. A review of the docket also shows no proof of service on him. This Court therefore DISMISSES with prejudice Magistrate Judge Martin from this action.

listed on the front page of "Amended Complaint No. 2" are "Constitutional Violations," "Conspiracy to Commit Treason," "Treason," and "RESPA Violations." All of the Defendants have moved to dismiss "Amended Complaint No. 2" and those motions are now before the Court.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). To withstand "a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967-69 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-87 (2009). "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). Moreover, where a party alleges fraud, he or she must plead these claims with particularity with regard to the circumstances and nature of the fraud. Fed. R. Civ. P. Rule 9(b); *See Hill v. Gonzani*, 638 F. 3d 40, 55 (1st Cir. 2011) ("As with all allegations of fraud, a plaintiff must plead the circumstance of the fraud with particularity, pursuant to Rule 9(b)").

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint "requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While accepting the facts as alleged in the complaint as true, "this deferential standard does not force [a] court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Moreover, a plaintiff must provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### III. ANALYSIS

Because Mr. Schofield is *pro se*, the Court views his pleadings liberally. The Court is "solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [the Court] hold[s] pro se pleadings to less demanding standards than those drafted by lawyers and endeavor[s], within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). For ease of discussion, the Court has categorized the Defendants into groups and will discuss each in turn.

#### A. The Lawyers, Law Firms,[4] Real Estate and Title Firm[5]

The Court need not look beyond the language in the standard of review for guidance in considering Defendants' motions on the ground that Mr. Schofield failed to state facts supporting his legal claims against any of these Defendants. In "Amended Complaint No. 2", Mr. Schofield

---

[4] These Defendants are Partridge Snow & Hahn and David J. Pellegrino; Robinson & Cole LLP and Daniel F. Sullivan; Morrison, Mahoney L.L.P. and Mark T. Nugent; and Winograd, Shine & Zacks, P.C. and S. Michael Levin
[5] These Defendants are Century 21 Hughes & Cary and LSI Title.

4

names as additional Defendants the lawyers and law firms[6] that represented the Defendants named in his original complaint. (ECF No. 31.) He also named a real estate and title firm. Upon review of the allegations in the Amended Complaint, the Court finds that Mr. Schofield fails to make a single factual allegation or legal assertion against these Defendants. These Defendant law firms and lawyers are only mentioned in the caption and then merely identified as parties in the body of the complaint. Because of the total lack of allegations against them and because "Amended Complaint No. 2" fails to comply with the order of the Magistrate Judge requiring that the complaint "clearly state the facts which support such claims or causes of action," the Motions to Dismiss filed by Partridge Snow & Hahn and David J. Pellegrino (ECF No. 35); Robison & Cole LLP and Daniel F. Sullivan (ECF No. 60); Morris Mahoney L.L.P. and Mark T. Nugent (ECF. No. 40); Winograd, Shine & Zacks, P.C. (ECF No. 59) and S. Michael Levin (ECF No. 38), and Century 21 Hughes & Cary (ECF No. 39) and LSI Title (ECF No. 37) are GRANTED.

### B. Harmon Law Offices, Paul G. Manning, and Bethany Whitmarsh

As to Defendant Harmon Law Offices the only allegations contained in "Amended Complaint No. 2" against them are found at paragraphs 50 and 51. There are no allegations against its two attorneys, Paul G. Manning and Bethany Whitmarsh; as such, they are DISMISSED on the same grounds as articulated in Section III, A. Mr. Schofield alleges that Harmon "meddle[d] into Plaintiff's private affairs" and that "Plaintiff refused to participate in the fraud being exhibited by the Defendant Harmon . . . ." (ECF 31-1, ¶ 50). There are no further allegations in "Amended Complaint No. 2" that would establish a plausible allegation and

---

[6] Mr. Schofield also sued Harmon Law Offices and its lawyers in the original complaint. His allegations against those Defendants are slightly different and will be discussed at section III, B below.

there is no connection set forth between these naked and bold statements and any applicable cause of action. Because of the total lack of plausible allegation against them, the Motion to Dismiss filed by Harmon Law Offices, Paul G. Manning, and Bethany Whitmarsh (ECF No. 42) is GRANTED.

### C. Orlans Moran and Towne Auction Company, Inc.

Mr. Schofield has also named as Defendants Orlans Moran, PLLC, two of its principles, Julie Moran and John T. Precobb, and one of its alleged subsidiaries, Towne Auction Company, Inc. There are no allegations against either of the two principles or Town Auction Company; as such, they are DISMISSED on the same grounds as articulated in Section III, A. The only specific allegation against Defendant Orlans is contained in Count VIII, Breach of Fiduciary Duty, in "Amended Complaint No. 2." In Count VIII, Mr. Schofield alleges that

> 162. As trustee Orlans had a fiduciary duty to Plaintiff to both disclose truthful information and foreclose only upon a valid note.
>
> 163. Orlans failed to provide the information Plaintiff requested, failed to verify the validity of the Plaintiff's debt, yet attempted to foreclose on behalf of a creditor that they knew did not own or control Plaintiff's debt.
>
> 164. As a direct and proximate result of the actions of the Defendant's (sic), Plaintiff has suffered injury.

(ECF No. 31-1 at ¶¶ 162-164.) This is the extent of the allegations against Orlans Moran, PLLC in the entire fifty-nine page complaint.

A review of "Amended Complaint No. 2" establishes that Mr. Schofield falls short of meeting the pleading requirements of the Federal Rules. These three paragraphs do not set forth sufficient factual allegations of the actionable conduct alleged committed by these Defendants to meet either the Rule 9 or 12(b)(6) standard. Therefore, the Motion to Dismiss of Defendants Orlans Moran PLLC, Julie Moran, and John T. Precobb is GRANTED.

D.  **Banking Entities**

Mr. Schofield names various banking entities as defendants, to wit, U.S. Bank, N.A., Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and USAA Federal Savings Bank. Although Mr. Schofield's "Amended Complaint No. 2" includes several general accusations and interpretations of law, it is woefully short on plausible facts as they relate to these particular Defendants and their allegedly wrongful conduct. For example, certain paragraphs may call out by name one of these banking entities, but fail to specifically allege what specific conduct vis-à-vis Mr. Schofield that entity has done and how those acts caused his damages. The paragraphs referencing the banking entities by name read more like a generalized attack on the mortgage industry as opposed to complaints against specific entities based on specific conduct. Other courts have dismissed similar complaints. *See e.g., Osantowski v. Option One Mortg.*, 2009 WL 4646127 *5 (E.D. Mich. Dec. 4, 2009) (claims alleging "sub-prime mortgage fraud . . . and systematic Racketeering" dismissed as they "consist of a litany of legal conclusions such that the 'tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable.'").

While the Court accepts as true the allegations contained in the complaint, it is not required to accept "bald assertions" or "unsubstantiated conclusions." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*, 699 F.Supp. 2d 331, 340 (D. Mass. 2010) (citing *Aulson*, 83 F.3d at 3 (1st Cir. 1996)). This is Mr. Schofield's third attempt to raise particularized claims against the Defendants. And despite the June 29, 2011 Magistrate Judge's Order, he has again failed to do so. The Court clearly explained to Mr. Schofield in that Order what a viable amended complaint should contain and how it should be drafted. (*See* ECF No.

7

29.) Despite the clarity of the Order, Mr. Schofield still falls completely short of clearly stating the facts that support his claims or causes of action.[7]

Of particular concern, in the Court's view, is that Mr. Schofield utterly fails to distinguish between any defendant in any claim or cause of action in his Complaint. Mr. Schofield's reference to Defendants throughout "Amended Complaint No. 2" does not satisfy the requirement of pleading specific and plausible allegations. Mr. Schofield has listed ten counts all which indicate "All Defendants" as having caused his alleged harm. There is no explanation of how or when each Defendant acted wrongly; yet Mr. Schofield demands each Defendant be held liable for each claim. Without some semblance of factual allegations and an indication of which Defendant acted and when, that ties the Defendants' specific action to a recognized cause of action, then Mr. Schofield has not sufficiently alleged claims for which relief can be granted.

In an effort to seemingly cover their bases, the Banking Entities raise additional arguments based on their speculation about what Mr. Schofield is alleging against them in "Amended Complaint No. 2." Because the Court finds that Mr. Schofield's Complaint fails to contain a short, plain statement of his claims alleging "a plausible entitlement to relief," there is no need to engage in a discussion of other arguments based on unsupportable conclusions. Because of the total lack of allegations in the prior complaints against them and because "Amended Complaint No. 2" fails to comply with the Magistrate Judge's Order requiring that the complaint "clearly state the facts which support such claims or causes of action," the Motions to Dismiss filed by U.S. Bank, N.A., Federal Home Loan Mortgage Corporation, Mortgage

---

[7] The Court also explained in its Order that Mr. Schofield should not include legal citations or argument in the Amended Complaint. However, "Amended Complaint No. 2" is rife with citations to federal statutes, case law, and legal argument. Mr. Schofield lists statements and conclusions of law rather than detail any facts related to his purported harm. Even with ten counts, the Defendants have not been properly made aware of the facts and claims against them.

Electronic Registration System, Inc., and USAA Federal Savings Bank (ECF Nos. 33 and 43) are GRANTED.

### E. Amendment of Complaint

While Mr. Schofield has not requested the Court's leave to amend his "Amended Complaint No. 2" again to address deficiencies in pleading raised by these multiple motions to dismiss, at this stage, the Court finds it prudent to address this issue.

While Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires," the decision whether to grant leave to amend a pleading is committed to the sound discretion of the trial court. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989). "In practice, this means that the denial of such a motion will be upheld so long as the record evinces an arguably adequate basis for the court's decision (e.g., futility, bad faith, undue delay, or a dilatory motive on the movant's part)." *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citing *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir. 1995); *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990)).

As previously stated, if the Court were to permit Mr. Schofield to amend his Complaint, it would be his third attempt. He has failed to follow the Rules of Civil Procedure and refused to take the Magistrate Judge's direction about how to do so in filing his "Amended Complaint No. 2." "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa-Martinez*, 903 F.2d at 59. The Court finds that Mr. Schofield's Complaint, despite its length and number of counts, fails to make any specific allegations against specific named Defendants that would entitle him to relief at this time. He lists numerous duties, Defendants, acts or omissions, and injuries, but does not allege

any relationship between a specific Defendant, a specific breach, and a specific injury. Such general, conclusory allegations are insufficient to state a claim under *Iqbal*. The Court therefore finds that Plaintiff's "Amended Complaint No.2" fails to state a claim on any count, and that allowing a third amendment would consequently be futile.

## IV. CONCLUSION

This Court must admonish Mr. Schofield for the reckless manner in which he has proceeded in this case. To allege in a court filing the very serious allegations of "Treason" and "Conspiracy to Commit Treason" without one iota of factual or legal basis is contemptible. This is particularly so when the allegations are associated in a complaint that names members of the bar of this Court and a well-respected United States Magistrate Judge, all of whom were simply performing their duties within the justice system.

Mr. Schofield's patent failure to comply with the Rules of Civil Procedure – particularly Fed.R.Civ.P. 8(a) and 9(b) – and the order of this Court dictate that "Amended Complaint No. 2" be DISMISSED. All of the Defendants' Motions to Dismiss (ECF Nos. 33, 35, 37, 38, 39, 40, 41, 42, 43, 59, and 60) are GRANTED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge
Dated: July 23, 2012